UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESTER BELL,

    Petitioner,                                     Case Number 2:21-CV-10417
                                                  Honorable David M. Lawson

v.

MATT MCCAULEY,

    Respondent.
_____/

## SECOND ORDER COMPELLING PRODUCTION OF STATE COURT RECORD

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Michigan Parole Board's decision to revoke his parole. This Court signed an order of responsive pleadings requiring Respondent to file an answer in accordance with Rule 5 of the habeas corpus rules by September 6, 2021. Respondent filed an answer and some of the Rule 5 materials on September 2, 2021. However, a review of the record shows that the transcript from the preliminary parole revocation hearing from February 15, 2018, and transcript from the final parole revocation hearing on March 13, 2018, were never filed.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the

transcripts or additional evidence be furnished. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F.3d at 654. The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and where substantial portions of that transcript were omitted before the district court, the habeas case should be remanded to the District Court for consideration in light of the full record. *See Adams v. Holland,* 330 F.3d 398, 406 (6th Cir. 2003). It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent. *See Shaw v. Parker,* 27 F. App'x 448, 450 (6th Cir. 2001).

Based upon the foregoing, the Court ORDERS Respondent to produce the preliminary parole revocation hearing transcript from February 15, 2018, and the final parole revocation hearing transcript from March 13, 2018, within **twenty one (21) days** of the date of this order or show cause why they are unable to comply with the order.

s/David R. Grand  
DAVID R GRAND  
United States Magistrate Judge

Dated: April 1, 2022